IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

DAVID J. BOND, JR.,

    Petitioner,

v.      Case No.: GJH-17-2481

GWENDOLYN OLIVER and
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND

    Respondents.

## MEMORANDUM OPINION

On August 26, 2017,[1] Petitioner David Bond, Jr. filed the instant 28 U.S.C. § 2254 habeas corpus petition attacking his 2011 conviction for second-degree assault entered in the Circuit Court for Baltimore County. ECF No. 1. Respondents filed an Answer that solely addresses the timeliness of the petition, ECF No. 4, to which Petitioner replied, ECF No. 8. No hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons to follow, the petition will be denied and dismissed with prejudice.

---

[1] This is the date Bond signed the Petition. ECF No. 1 at 7. Because Petitioner is incarcerated, he is entitled to the benefit of the prison mailbox rule, which provides that a prisoner's filing of a court document is complete on the date he or she gives the document to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988).

1

I.  **Background**

On September 2, 2011, Petitioner was convicted by a jury of second-degree assault in the Circuit Court for Baltimore County. ECF No. 4-1 at 4, 7.[2] He was sentenced to 10 years imprisonment. ECF 4-1 at 4. On October 5, 2011, Petitioner filed a timely notice of appeal to the Maryland Court of Special Appeals. ECF No. 4-2 at 6. On the same day, Petitioner filed a motion to revise his sentence and an application for review of his sentence by a three judge panel, which were denied on October 31, 2011 and January 18, 2012, respectively. ECF No. 4-1 at 8.

The Court of Special Appeals affirmed Petitioner's judgment on February 1, 2013 and issued its mandate on March 4, 2013. ECF No. 4-2 at 1. Because Petitioner did not file a Petition for a Writ of Certiorari with the Maryland Court of Appeals, his conviction became final on March 19, 2013, when his time to do so expired. *See* 28 U.S.C. § 2244(d)(1)(A) (stating that judgment is deemed final "by the conclusion of direct review or the expiration of the time for seeking such review"); Md. Rule 8-302 (providing that a petition for writ of certiorari to the Maryland Court of Appeals must be filed within 15 days of the issuance of the mandate).

On August 30, 2013, Petitioner filed a Petition for Post-Conviction Relief. ECF No. 4-1 at 9. The Petition was denied on October 26, 2015, and Petitioner filed an Application for Leave to Appeal. ECF No. 4-1 at 4. On January 21, 2016, while Petitioner's Application was pending, he filed a Motion for Modification or Reduction of Sentence. ECF No. 4-1 at 10. It appears that the Motion is still pending. *Id.* The Court of Special Appeals denied Petitioner's Application for Leave to Appeal on December 8, 2016, and its mandate issued on January 9, 2017.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

Petitioner filed the instant § 2254 Petition on August 26, 2017. ECF No. 1. The Respondents have answered, asserting that the Petition is untimely because, after the judgment became final, more than one year had elapsed during which Petitioner had not properly filed a petition for collateral review in state court. ECF No. 4. On the Court's instruction, Petitioner filed a reply, asserting that the Petition is timely because less than one year has elapsed between the Court of Special Appeals mandate issued on January 9, 2017 and the filing of his Petition herein.

## II. Discussion

Title 28 U.S.C. § 2244(d) provides a one-year statute of limitations in non-capital cases for those convicted in a state case.[3] This one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C.

---

[3] 28 U.S. C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

§ 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

The statute of limitations began to run in petitioner's case on March 19, 2013, when the time for petitioning the Court of Appeals for a writ of certiorari concluded. Petitioner did not file a collateral proceeding until August 30, 2013 (164 days after the conviction became final), when he filed his Petition for Post-Conviction Relief. While the Petition was pending, Petitioner filed a Motion for Modification or Reduction of Sentence, which appears unresolved. There is presently debate about whether this type of Motion qualifies as a state collateral proceeding capable of tolling the limitations period under § 2244(d)(2). *See Mitchell v. Green*, No. DKC-13-2063, 2017 WL 4536001, at *3–8 (D. Md. Oct. 11, 2017) (granting certificate of appealability as "to the question of whether a motion under Md. Rule 4-345 tolls the [statute's] one year statute of limitations for petitions under 28 U.S.C. § 2254" after discussing relevant case law and acknowledging that the issue is "open to significant debate"), *appeal filed* No. 17-7450 (4th Cir. Oct. 31, 2017). However, even assuming that this type of Motion is capable of tolling the limitations period, it does not toll the limitations period in this case because the Motion was filed well outside the 90-day period permitted by Md. Rule 4-345, meaning that the Motion is not a "*properly filed* application for State post-conviction or other collateral review." § 2244(d)(2) (emphasis added).

Thus, the limitations period was tolled only between August 30, 2013 and January 9, 2017, while Petitioner's state post-conviction proceedings were pending in the trial and appellate courts. The accrual of the one year limitations period resumed on January 10, 2017, and it expired 201 days later on July 30, 2017. Therefore, the instant Petition, which was filed on August 26, 2017, was untimely filed 27 days beyond the limitations period.

In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court concluded that equitable

4

tolling applies to § 2244's limitations period. *Id.* at 649. The Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris*, 209 F.3d at 329–30.

Petitioner does not argue, nor does the record otherwise indicate, that he has made the showing necessary to receive equitable tolling. Rather, he appears to believe that his judgment did not become final for purposes of 28 U.S.C. § 2244(d)(1)(A) until after the state rejected his post-conviction proceedings. Under Petitioner's approach, the 164 days of inaction in 2013 would not count toward the limitations period. However, Petitioner misreads the statute, which states that a judgment is final upon "the conclusion of *direct* review or the expiration of the time for seeking such review." § 2244(d)(1)(A) (emphasis added). Although Petitioner is correct that one is required to exhaust state remedies before seeking federal habeas relief, § 2254 (b)(1)(A), the limitations period accrues once the judgment becomes final and may be tolled only while Petitioner has a properly filed post-conviction proceeding pending with the state court. §§ 2244(d)(1)(A), (2). To the extent that Petitioner would argue that his lack of understanding of the law surrounding the filing of a § 2254 petition should entitle him to equitable tolling, it is well settled that, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the

5

district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). Denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Bond has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

### III. Conclusion

For the foregoing reasons, the Bond's habeas corpus petition, ECF No. 1, shall be denied. A separate order follows.

Dated: November 27, 2017

GEORGE J. HAZEL
United States District Judge